**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **THOMAS SCHMIDT, ET AL.,** | ) | **CASE NO.1:06CV632** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **TERRY LOWITZ, ET AL.,** | ) | **OPINION AND ORDER** |
| | ) | |
| **Defendant.** | ) | |

## CHRISTOPHER A. BOYKO, J:

This matter is before the Court on Defendants' Steve Broadbelt and Maurice Fitzgerald (ECF Dkt#12), Rebecca Lubitz, Lester Lubitz and Cindy Wycoff (ECF Dkt# 17), Terry Lowitz (ECF Dkt # 41), and John Wycoff (ECF Dkt#59), Motions to Dismiss.[1]  For the following reasons, the Court grants Defendants' Motions.

## FACTS

Defendants Steve Broadbelt and Maurice Fitzgerald, both residents of the Cayman Islands, own a commercial dive shop known as Ocean Frontiers Ltd.  In 2003, Broadbelt and Fitzgerald implemented a plan to develop condominiums catering to vacationers on the Cayman Islands.  This proposed condo development was called Compass Point. Defendants, Terry

---

[1]  Though the time to file a responsive brief to Defendant John Wycoff's Motion to Dismiss has not run, the Court considered his Motion, applying the same operative facts and allegations against the non-Cayman Island residents.  No particular allegations were leveled against Mr. Wycoff apart from those general allegations against the Defendants as a body.

Lowitz, a resident of Southern Ohio; Rebecca and Lester Lubitz, residents of Southern Ohio; Cindy and John Wycoff, residents of Michigan, and Plaintiffs purchased condominiums at Compass Point.  In August of 2004 the condominium construction was completed.  In September of 2004 Hurricane Ivan struck the Cayman Islands, causing severe damage to Compass Point. Defendants hired Royal Construction Company to perform the needed reconstruction of Compass Point to be paid out of insurance proceeds.  Defendant Broadbelt terminated Royal Construction's reconstruction efforts and hired his own construction firm, Bunker Construction, to complete the repairs.  On March 17, 2006, Plaintiffs filed this suit against Defendants, alleging civil violation of Racketeering Influenced and Corrupt Organizations Act (RICO) 18 U.S.C.A. §1961 *et seq.* statutes and common law fraud.

Plaintiffs' Complaint alleges Defendants Broadbelt and Fitzgerald solicited investors via United States mail and phone lines.  Broadbelt used the internet to "send emails containing misrepresentations and fraudulent statements first to entice investors and then once the investment had been made Broadbelt and Fitzgerald have continued to use the emails to gain control of the Executive Committee of Compass Point and ultimately Compass Point itself; to deceive the investors as to the true nature of the financial operations of Compass Point and to conceal funds that Broadbelt and Fitzgerald siphoned off from the owners of Compass Point in violation of representations both had earlier made and in violation of the agreements executed by Broadbelt, Fitzgerald and the owners of Compass Point."  (Complaint para. 18).  Broadbelt and Fitzgerald had represented there would be an independent executive committee appointed from among the general owners to oversee the management of Compass Point.

The Complaint further alleges Broadbelt and Fitzgerald engaged in racketeering activity

in order to fraudulently induce investors to invest in Compass Point Strata, the investment entity that manages the condos of which all owners are members, and to gain control of Compass Point Strata and its executive committee for the purpose of defrauding certain owners of Compass Point of revenues and profits for their own benefit and the benefit of other favored owners with whom they conspired and continue to conspire.  The Defendants then conspired to have all condo owners sign over exclusive management rights to Broadbelt and Fitzgerald or one of their alter egos.  As inducement, the Defendants agreed to provide certain representations in the Management Agreement knowing Broadbelt and Fitzgerald had no intention of keeping them.  The Complaint alleges the Defendants represented Broadbelt would manage the properties for a fee equal to 20% of gross revenues from rentals and all fees except for utility, cleaning and security fees would be deducted from the 20% management fee.

According to Plaintiffs' Complaint, from December 2004 to the present, the Defendants used the phone lines and internet to send out false statements containing improper billing charges contrary to the prior representations.   As a result, owners were required to pay nearly $300,000 in improper charges.  Plaintiffs contend Defendants Broadbelt and Fitzgerald traveled to Ohio in furtherance of the conspiracy.  Furthermore, Defendants conspired to support Broadbelt's use of his construction company to perform repairs after Hurricane Ivan.  Broadbelt siphoned off insurance funds earmarked for repairs, causing owners to pay for completion of repairs that should have been paid by Compass Point Strata's insurance proceeds.

Defendants move this Court to Dismiss Plaintiffs' Complaint as : a) it fails to state a claim upon which relief may be granted; b) it fails to plead a RICO violation with requisite particularity; c) it fails to plead fraud with requisite particularity; and d) venue in the Northern

District of Ohio is improper.

## **Venue**

Plaintiffs' Complaint alleges jurisdiction under 28 U.S.C. §1331 and 18 U.S.C. §1961, the RICO statute. Defendants contend venue is improper in the Northern District of Ohio, as 28 U.S.C. §1391(a) holds venue is proper when:

**(a)** A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

The Court notes Plaintiffs' Complaint is not brought in federal court on diversity but is brought pursuant to subject matter jurisdiction under the RICO statutes. Therefore, 1391(a) does not apply. However, §1391(b) does apply and its requirements are nearly identical to §1391(a)except for the broader language of section (3):

**(b)** A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought

Defendants are not residents of the same state, nor are any Defendants residents of the Northern District of Ohio, therefore, this Court looks to section (2) of §1391(b) to determine if Plaintiffs may maintain their action in the Northern District of Ohio. Plaintiffs allege a substantial part of the events or omissions occurred in this District via telephone and internet communications.

The general federal venue statute, 28 U.S.C. 1391(b), and venue under RICO are analyzed

similarly, as the general venue statute is applicable to RICO claims. *See Multi-Media Int'l, LLC v. Promag Retail Servs.,* 343 F.Supp.2d 1024, 1034 n. 8 (D.Kan.2004).

The Court, in considering the affidavit evidence in support of the Motions to Dismiss for Improper Venue, finds venue in the Northern District is improper as to all Defendants. It is undisputed that no Defendant resides in the Northern District of Ohio. Nor is there evidence any traveled to this District in furtherance of the alleged conspiracy and fraud. The property at issue is not located in the Northern District. The alleged conspiratorial emails, faxes and phone calls amongst Defendants were not transmitted to the Northern District. The alleged fraudulent scheme was not concocted or devised in the Northern District. The entire basis for venue in the Northern District is the mailings, emails and faxes sent to Plaintiff Shimko containing allegedly fraudulent representations and the physical residence of Plaintiff/Plaintiffs' counsel Shimko.

The contract for the purchase of and responsibilities inherent to the ownership of the condominiums contains a forum selection clause requiring any disputes be brought in the Cayman Islands and Cayman Island law would control. The Court finds this action sounds in contract, as it alleges fraudulent representations of fees and management decisions of the condominiums never agreed to by Plaintiffs in their purchase or management agreements. Plaintiff/Plaintiffs' counsel Shimko met Defendants Broadbelt and Fitzgerald in the Cayman Islands as a frequent customer of their dive shop. Defendants, therefore, established their business contacts with Plaintiff Shimko in the Caymans and not in Ohio. The initial conversations and solicitations appear to have occurred in the Cayman Islands. In fact, it was Plaintiff Shimko who approached Plaintiff Schmidt about the investment opportunity, not Defendants. Also, the mailings to Ohio involved targeted mailings to potential investors

consisting of two mailings which were not broad solicitations to the public.   The Court finds the mere mailing of and signing of contracts in Ohio is insufficient grounds for conferring venue.  See *Logue, et al., v. Siesta 4-Rent,* et al., No. 2:05CV132, unreported 2005 WL 1421958 (S.D. Ohio, June 17, 2005).

In Plaintiff Shimko's affidavit he states, "the claims made on behalf of Schmidt and myself in the RICO lawsuit are based on the false and fraudulent representations that Broadbelt and Fitzgerald personally made to us to induce our investments in the years 2002 and 2003." This fraudulent inducement necessarily implicates the contracts ultimately entered into and are subject to the "any dispute" clauses in the agreements.  Shimko alleges he was unaware Defendants Broadbelt and Ftizgerald were acting on behalf of a corporation known as Frontiers Ltd. in the initial solicitations. However, the signed agreements for the purchase of the condos is between Frontiers and Shimko.  The monies allegedly siphoned off by Defendants were those funds invested in the purchase of and maintenance of the condos.  These costs and obligations are contained in the signed agreements which are subject to forum and choice of laws clauses naming the Cayman Islands.

Plaintiff submits several emails between Plaintiff Shimko and Steve Broadbelt, however, none evidence any misrepresentation alleged in the Complaint.  All deal with the progress of the construction, the timing of the wiring of funds needed to continue construction, deposits for furniture, the installation of wireless internet, press releases, couch manufacturer bulletin, the price for including TVs in the condos, status and availability of satellite service, decks, landscaping and thermostat installation- all apparently requiring permission of the owners.  The Complaint alleges the Defendants conspired to "send out false statements containing prodigious

and improper billing overcharges, contrary to the representations they made when circulating the offerings for investment and contrary to the terms of the management agreements." This clearly reflects fraud in the inducement and breach of contract claims subject to the forum selection clauses.

Plaintiffs further allege Defendants conspired via secret agreements done over wire and phone lines to gain control of Compass Point Strata and the executive committee for their own personal benefit. No evidence exists that these events occurred within the Northern District of Ohio. Plaintiffs' claims regarding the wrongful use of Defendant's construction company, and unlawful restrictions on Plaintiffs' use of their condos involve Cayman Island property and companies and/or the purchase and management agreements and do not implicate the Northern District of Ohio.

Therefore, the Court finds venue is improper in the Northern District of Ohio because no substantial events or omissions occurred here; and the Court grants Defendants' Motions to Dismiss pursuant to 28 U.S.C. 1406(a) which holds: "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

The Court reserves ruling on the Motions for Sanctions for a later date.

IT IS SO ORDERED.

| 09/14/06 | s/Christopher A. Boyko |
|---|---|
| Date | CHRISTOPHER A. BOYKO |
| | United States District Judge |